**E-FILED**
Friday, 24 September, 2004  04:10:12 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| **FLEISHMAN-HILLARD INC.,** a **Delaware corporation,** and **GMMB INC.,** a **District of Columbia corporation,**<br><br>Plaintiffs,<br><br>vs.<br><br>**SCOTT TRANCHITELLA, individually** **and d/b/a RIVERFRONT MEDIA; and**<br><br>**DARREN COX, individually and d/b/a** **RIVERFRONT MEDIA**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 04-1220 |

### SETTLEMENT AGREEMENT

Now come Plaintiffs, FLEISHMAN-HILLARD INC. and GMMB INC., by their

attorneys, HUSCH & EPPENBERGER, LLC, and the Defendants, SCOTT TRANCHITELLA

and DARREN COX, pro se, to advise the Court that the above captioned lawsuit is settled upon

the following terms:

1.)    Defendants SCOTT TRANCHITELLA and DARREN COX shall transfer to Plaintiff
FLEISHMAN-HILLARD INC. ownership and control of the domain name registration
"gmmb.us", including all of Defendants' rights, title and interest in said domain name
registration.  The transfer of ownership and control shall occur within 30 days of the date this
Settlement Agreement is filed with the Court.  Until such time as the transfer of the domain name
can be made, Defendants shall continue to automatically redirect gmmb.us to gmmb.com.
Hereinafter, Defendants TRANCHITELLA and COX agree not to register any domain names
which are identical or confusingly similar to the names and/or registered trademarks of Plaintiffs,
FLEISHMAN-HILLARD INC. and GMMB. INC., nor shall Defendants operate or assist in the
operation of any websites the web address of which are identical or confusingly similar to the
names and registered trademarks of Plaintiffs.

2.)    Plaintiffs, FLEISHMAN-HILLARD INC. and GMMB INC. agree, for a period of two
months beyond the November 2, 2004 Presidential Election, to maintain and operate the website
located at "riverfrontmedia.net".  Plaintiffs shall post on said website information as to the
ownership and incorporation of Riverfront Media LLC, indicate that Riverfront Media LLC is a

separate and distinct corporation from Riverfront Media located in Washington, Illinois, state that Riverfront Media LLC is the corporation that produced the commercials for the John Kerry for President campaign, and provide contact information for any persons with questions regarding said campaign commercials.

3.)     Defendants SCOTT TRANCHITELLA and DARREN COX agree that they will not post on any website that they own or control, or otherwise caused to be published, any statements or accusations that Plaintiffs, FLEISHMAN-HILLARD INC. and GMMB INC., their agents, employees and affiliated companies, have engaged in any improper or illegal conduct, including but not limited to any statements which infer or imply any wrongdoing or improper conduct on the part of Plaintiffs or which disparage, impugn, assail or degrade Plaintiffs and/or Plaintiffs' agents, employees and affiliated companies.  Defendants TRANCHITELLA and COX may post on the website "riverfrontmedia.com" information limited to the ownership and incorporation of Riverfront Media LLC, Fleishman-Hillard Inc. and GMMB Inc. to distinguish Defendants' business from Riverfront Media LLC.  Defendants may also post information limited to showing that Defendants did not produce the commercials for the John Kerry for President Campaign, and that such commercials were produced by Riverfront Media LLC.  None of the information posted by Defendants in accordance with this paragraph shall otherwise accuse, imply or infer improper or illegal conduct on the part of Plaintiffs or otherwise violate the prohibitions set forth in the first sentence of this paragraph 3.

4.)     Plaintiffs FLEISHMAN-HILLARD INC. and GMMB INC. shall dismiss this action without prejudice, with each party to bear its own costs and expenses.

5.)     The parties declare and agree that this Settlement Agreement contains all agreements and understandings of the parties, and that this Agreement is made in settlement of a disputed claim and to avoid the time and expense of further litigation.

6.)     If any party initiates or commences an action to enforce any of the terms of this Settlement Agreement, the party or parties found to be in breach of this Settlement Agreement shall be liable and responsible for payment of the reasonable attorney's fees and costs incurred by the non-breaching party in bringing the action to enforce.

7.)     This Court shall retain jurisdiction of this cause for the purpose of enforcement of this Settlement Agreement.

FLEISHMAN-HILLARD INC. and
GMMB INC., Plaintiffs

By: _Jan Fresdell_
Its: _Vice-President and Associate Counsel_

Defendants:

_Scott Tranchitella_
SCOTT TRANCHITELLA

_Darren G. Cox_
DARREN COX